**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 18, AFL–CIO, Plaintiff-Appellant,**

**v.**

**The DAYTON POWER & LIGHT COMPANY, Defendant-Appellee.**

**No. 73–1905.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1974.

Decided July 18, 1974.

Jeffrey A. Belkin, Belkin & Belkin, Cleveland, Ohio, on brief, for plaintiff-appellant.

J. R. Newlin, Dayton, Ohio, on brief, for defendant-appellee.

Before PECK and ENGEL, Circuit Judges, and CONTIE *, District Judge.

PER CURIAM.

Appellant union instituted this action against the Dayton Power & Light Company (hereinafter "Dayton"), seeking to compel Dayton to submit a grievance to binding arbitration. The grievance involved appellant's allegation that Dayton had violated the terms of a "Memorandum of Understanding" between Dayton and local construction unions. This matter is before us on appeal from the district court's denial of appellant's motion for summary judgment and subse-

---

* Honorable Leroy J. Contie, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

quent entry of an order of dismissal under Rule 56, Fed.R.Civ.P.

Dayton is one of three public utilities which own the J. M. Stuart Electric Generating Station on the Ohio River. Pursuant to agreements among the owners, Dayton has acted for the other two companies in connection with the construction of Stuart Station. The owners further delegated their authority by appointing the Maxon Construction Company as their agent and construction manager on the project. Maxon, in its capacity as agent, executed a "Memorandum of Understanding" with the South Central Ohio Building and Construction Trades Council, of which appellant union is a constituent member. The agreement, which covers all construction work at the project site, provides that in return for certain pay rate concessions the building trade unions will not strike. Dispute settlement is governed by the final clause of the agreement which in pertinent part reads as follows: "It is agreed that any grievance between local union(s) and contractor(s) shall be settled in accordance with the grievance machinery provided in the craft agreement(s) or, if none is so provided, by arbitration." It was Dayton's refusal to process a grievance filed thereunder that led to the filing of this action. On appeal, appellant urges this Court to reverse the decision of the district court and to order that appellant's grievance be submitted immediately to binding arbitration. For the reasons appearing hereinafter, we decline to so hold.

The sole issue here presented is whether or not the Memorandum obligated Dayton to arbitrate *any* dispute with the South Central Ohio Building and Construction Trades Council or any of its members. Of course, "[n]o obligation to arbitrate a labor dispute arises solely by operation of law. The law compels a party to submit his grievance to arbitration only if he has contracted to do so." Gateway Coal Co. v. Mine Workers, 414 U.S. 368, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974). The question of whether a party has contracted to arbitrate is a matter for the courts to decide on the basis of the contract entered into by the parties. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). In the instant case, although clearly a party to the Memorandum, Dayton was a party to it as an owner, not as a contractor. Dayton employed no craft union members at Stuart Station or otherwise and it had no labor-management contract with the appellant. As the district court pointed out, the dispute involved herein is "between Dayton and a labor union—between the owner and the union, as distinguished between [sic] the contractor and a union." The arbitration clause does not constitute an agreement between the owner and the building trade unions working at Stuart Station to arbitrate disputes arising between these parties.

It thus appearing that the unambiguous language of the "Memorandum of Understanding" militates against the position asserted by appellant, we hold that the district court's order dismissing the complaint was correctly entered, and the judgment in favor of Dayton is, therefore, affirmed.