COLEGROVE; C.E. COLEGROVE CO., INC., APPELLANT, *v.* HANDLER ET AL., APPELLEES.

(No. 86AP-141—Decided September 25, 1986.)

*Fry & Waller Co., L.P.A., Carl B. Fry, Rick L. Brunner* and *Robert H. Griffin, Jr.,* for appellant.

*Squire, Sanders & Dempsey, David W. Alexander, C. Craig Woods, Jennifer L. O'Connor* and *Elizabeth Ayres Whiteside,* for appellee Hollymatic Corp.

REILLY, J. Plaintiff appeals from a judgment of the Court of Common Pleas of Franklin County dismissing plaintiff's motion for default judgment and motion for reconsideration.

Plaintiff was an authorized dealer for Hollymatic Corporation ("defendant"), an Illinois corporation engaged in the manufacture of food processing equipment. Hollymatic filed a demand for arbitration with the Chicago, Illinois office of the American Arbitration Association on August 6, 1984. An amended demand was filed on September 17, 1984.

Plaintiff subsequently filed this action in the court of common pleas on September 25, 1984. The claims against Hollymatic were contained in counts twelve through seventeen of the complaint. Plaintiff sought a declaratory judgment that there was no right to arbitration after the dealer agreement was terminated. Plaintiff also sought an injunction and damages for alleged tortious interference with contractual relations and for violations of the Ohio Valentine Act.

This cause was then removed to the United States District Court for the Southern District of Ohio by defendant. On March 7, 1985, the district court granted plaintiff's motion to remand the case to the state court.

The parties renewed their respective motions before the trial court. Plaintiff moved for a preliminary injunction and defendant moved for a stay of litigation pending arbitration. Following an informal conference the court granted defendant's motion, and ordered the parties to proceed to arbitration in Columbus, Ohio.

Plaintiff immediately appealed the judgment entry ordering arbitration. This court dismissed the appeal on April 11, 1985 for lack of subject matter jurisdiction as there was no final appealable order.

The parties proceeded to arbitration on April 9, 1985 in Columbus, Ohio. An arbitration award was entered in Chicago, Illinois on April 24, 1985 awarding Hollymatic $71,713.77 "in full settlement of all claims submitted to this arbitration." Hollymatic then sought confirmation of the award in the United States District Court for the Northern District of Illinois. The award was confirmed on October 31, 1985.

Plaintiff filed a motion for reconsideration of the initial order compelling arbitration and a motion for default judgment as to the claims which were stayed pending arbitration on October 29, 1985. These motions were denied on January 15, 1986 as the court found that the claims contained in counts twelve through sixteen were ordered to arbitration.

Plaintiff has appealed, and raises the following assignments of error:

"I. The trial court erred in granting an unlicensed foreign corporation the affirmative relief of a stay pending arbitration without holding a summary trial pursuant to §2711.03, Ohio Revised Code.

"A. The denial, by the trial court, of Appellant Colegrove's right to a summary trial pursuant to ·§2711.03, Ohio Revised Code was prejudicial to the rights of appellant.

"B. Appellee Hollymatic, an unlicensed foreign corporation, was not entitled to the affirmative relief of a stay pursuant to §1703.29(A), Ohio Revised Code.

"II. The trial court erred in overruling Appellant Colegrove's application for preliminary injunction and motion to stay arbitration proceedings because Appellee Hollymatic has no right to arbitration under the terms of the canceled [sic] dealer agreement.

"A. A party which terminates a contract waives its right to demand arbiration [sic] pursuant to the terms of the terminated contract.

"III. The trial court erred in failing to grant Plaintiff-Appellant Colegrove's motion for default judgment after Defendant-Appellee Hollymatic failed to move or plead in response to Appellant's complaint.

"IV. The trial court erred in ordering issues to arbitration which were not arbitrable under the terms of the dealer agreement and in determining that the mere referral to arbitration terminates the litigation as to those issues which were referred to arbitration.

"A. A trial court may not order

issues to arbitration which were not arbitrable pursuant to the terms of the agreement under which arbitration was sought.

"B. A trial court may not determine that the mere referral to arbitration terminates an action as to those issues which were referred to arbitration."

Following plaintiff's notice of appeal, defendant filed a motion to dismiss the appeal on the grounds that the notice was not filed within the time permitted in App. R. 4(A). Defendant maintains that the thirty-day time limit began on January 3, 1986 when the court determined the only claim remaining in the case by a judgment entry of relief as to defendants who are not parties to the instant appeal. Thus, defendant argues the notice of appeal filed on February 13, 1986 was not timely and should be dismissed.

Defendant's motion to dismiss is not well-taken. The court did not rule on the plaintiff's motions for reconsideration until January 15, 1986. Although these motions did not extend the time for appeal, the court's ruling as to the claims the court required to be submitted to arbitration was not definite until the judgment entry denying the motions was filed on January 15, 1986. This is clear from the January 15 order itself wherein the court states that it was necessary to confer with the trial judge in order to clarify that all claims against Hollymatic had been submitted to arbitration. Accordingly, plaintiff had thirty days after January 15, 1986 to appeal and the notice was timely filed on February 13, 1986. Defendant's motion to dismiss is denied.

In the first assignment of error, plaintiff contends that it was prejudiced by the failure of the trial court to hold a trial on the issue of arbitrability prior to issuing an order compelling arbitration. R.C. 2711.03 provides, in pertinent part:

"The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. * * *"

Plaintiff maintains that the issue of arbitrability is presented in count twelve of the complaint wherein plaintiff sought a declaratory judgment that there was no right to arbitration once the agreement was terminated.

Plaintiff's arguments are not well-taken. It is manifestly clear that the dealership agreement provides for arbitration of disputes arising from the contract. Paragraph twenty-nine of the contract provides the following:

"29. *Arbitration.* Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."

Interpreting the analogous federal arbitration provision which contains exactly the same language as R.C. 2711.03, the Sixth Circuit Court of Appeals in *Cincinnati Gas & Elec. Co.* v. *Benjamin F. Shaw Co.* (C.A. 6, 1983), 706 F. 2d 155, stated at 159: "* * * Only if the making of the agreement to arbitrate or the failure to perform such

an agreement is in issue must the court conduct a trial." The court then proceeded to determine if there was any question of the making of the agreement to arbitrate, and found, absent an allegation of mistake, a hearing was not required.

This interpretation is consistent with both the mandatory language of the statute and the policy of arbitration. Arbitration is a method of resolving disputes quickly, outside the court system. The plaintiff does not contend that he did not sign the contract including the arbitration provision. He does not claim mistake or inadvertence which puts the making of the agreement to arbitrate in issue. It is also plain that there is no factual dispute as to whether plaintiff has failed to comply with the provision. Therefore, the court was not required to hold a hearing on the issue of arbitrability.

Further, plaintiff maintains that R.C. 1703.29 precluded the court from compelling the parties to arbitration. R.C. 1703.29 prevents a corporation which has not obtained a license as required by R.C. Title 17 from maintaining an action in any court in Ohio. Plaintiff submitted evidence showing Hollymatic had not registered to do business in Ohio.

R.C. 1703.29(A) does not prevent a non-licensed corporation from defending a suit brought against it in the state of Ohio. Defendant's motion for a stay of proceedings was filed in response to plaintiff's suit against it.

For these reasons, appellant's first assignment of error is not well-taken.

In the next assignment of error plaintiff contends that since Hollymatic terminated the contract prior to attempting to enforce the arbitration provision, it waived its right to demand arbitration. This contention has been resolved by other courts in various ways. See Annotation, Enforcement of Contractual Arbitration Clause as Affected by Expiration of Contract Prior to Demand for Arbitration (1966), 5 A.L.R. 3d 1008. This issue appears to be one of first impression in Ohio.

After a careful review of the case law in this area, this court finds the better view to be that there is no reason, absent a specific contractual provision, to restrict arbitrability to disputes that arise under the contract to situations where the demand for arbitration precedes the termination of the contract. The reasons are twofold. First, as the court indicated in *Batson Yarn & Fabrics Machinery Group, Inc.* v. *Saurer-Allma GmbH-Allgauer Maschinenbau* (D.S.C. 1970), 311 F. Supp. 68, at 72:

" * * * It could well be that the party seeking arbitration did not know that the other party intended to assert a claim until after the expiration of the contract. He could hardly, under those circumstances, be expected to demand arbitration until he knows of the dispute and that the other party expects to press it. Yet, by his inaction and delay, the party objecting to arbitration in such a case could thereby defeat the contractual right of the other to have arbitration of the dispute if any such rule as that suggested by the plaintiff were adopted."

Moreover, the federal and state policy of favoring arbitration of disputes is noteworthy. See R.C. 2711.01; *Moses H. Cone Memorial Hospital* v. *Mercury Constr. Corp.* (1983), 460 U.S. 1. As court dockets grow more crowded and litigation costs more expensive, methods of alternative dispute resolution should be encouraged.

Therefore, plaintiff's second assignment of error is not well-taken.

Plaintiff next asserts that the trial court erred in denying his motion for default judgment following arbitration. Plaintiff maintains that the court only granted a stay pending arbitration and that once the arbitration was completed, defendant had a duty to file

146

an answer to the initial complaint. Plaintiff contends that, when the defendant failed to do so, the court was required to enter default judgment in plaintiff's favor pursuant to Civ. R. 55(A).

Plaintiff's contention disregards the fact that all the claims against defendant were submitted to arbitration and that once the award was made, there were no claims left upon which to enter default judgment. Once an arbitration subject to R.C. Chapter 2711 is completed, the jurisdiction of the common pleas court is limited to confirmation, vacation, modification or enforcement of the award and only on terms provided by statute, *i.e.,* R.C. 2711.09, 2711.10, 2711.11, 2711.12, 2711.13 and 2711.14. *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 2 OBR 112, 440 N.E. 2d 1210. Thus, the court had no power to enter a default judgment and absent a motion to modify, vacate, confirm or enforce, the court was without jurisdiction to do anything but dismiss the complaint.

In the final assignment of error plaintiff contends that certain claims which the court ordered to arbitration were not arbitrable pursuant to the terms of the agreement. The arbitration provision at issue herein is quite broad, providing "all disputes arising from the contract" to be arbitrable. Plaintiff apparently argues that those claims in Counts Fifteen and Sixteen for tortious interference with contractual relations do not arise from the contract. This argument is not well-taken. The existence of a contract is a prerequisite to a claim of tortious interference with contractual relations. Moreover, it is noted that plaintiff has waived these claims by not submitting any evidence concerning them in the arbitration hearing. Plaintiff also failed to contest the award in the confirmation hearing.

Plaintiff's fourth assignment of error is not well-taken.

For the foregoing reasons, defendant's motion to dismiss and plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Motion to dismiss overruled;*
*judgment affirmed.*

TYACK and COLE, JJ., concur.

COLE, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.