**Port Clinton v. Scagnetti
Construction Co.
Case No. OT-88-47
Ottawa County (6th)
Decided January 12, 1990**
[Cite as 1 AOA 205]

This is an appeal from a decision of the Ottawa County Court of Common Pleas in which the court vacated an arbitration award, granted summary judgment in favor of appellee, Scagnetti Construction Company, denied the city's motion for summary judgment and assessed costs against appellant, city of Port Clinton, Ohio.

Appellant, city of Port Clinton, Ohio, ("city"), sets forth the following assignments of error:

"I. THE COURT OF COMMON PLEAS ERRED IN VACATING THE ARBITRATION AWARD IN THIS PROCEEDING ON THE BASIS THAT THERE WAS A LACK OF JURISDICTION FOR THE ARBITRATION PANEL.

"II. THE COURT OF COMMON PLEAS ERRED IN NOT APPLYING SECTION 2305.06 O.R.C., THE FIFTEEN YEAR STATUTE OF LIMITATIONS FOR WRITTEN CONTRACTS IN THIS ACTION.

"III. IF APPELLANT'S CLAIMS IN THIS ACTION AGAINST APPELLEE, SCAGNETTI, SOUND IN TORT, THEN THOSE CLAIMS ARE GOVERNED BY THE TEN YEAR STATUTE OF LIMITATIONS FOUND IN SECTION 2305.131 O.R.C.

"IV. THE COURT OF COMMON PLEAS EXCEEDED ITS STATUTORY AUTHORITY AND COMMON LAW AUTHORITY IN REVIEWING THE ARBITRATION PROCEEDINGS HEREIN AND IN DETERMINING WHETHER TO CONFIRM, VACATE OR MODIFY THE AWARD."

The pertinent facts of this case are as follows. On July 15, 1976, the city entered into a contract with Scagnetti to make improvements on certain already existing but sub-standard city streets. The written contract was prepared for the city by Don C. Waggoner, P.E.., Inc., who also prepared the plans and specifications and the remainder of the contract documents for the project and who supervised the work which was undertaken and completed. The work was completed by the fall of 1976. It is significant to note that upon the consulting engineer's recommendation and authorization, the city accepted the work and paid appellee Scagnetti. Final payment was made on January

24, 1977.

We first note the pertinent paragraphs of the contract drafted by the city and entered into by Scagnetti.

"29. GUARANTY

"29.1 The Contractor shall guarantee all materials and equipment furnished and Work performed for a period of one (1) year from the date of Substantial Completion. The Contractor warrants and guarantees for a period of (1) year from the date of Substantial Completion of the system that the completed system is free from all defects due to faulty materials or workmanship and the Contractor shall promptly make such corrections as may be necessary by reason of such corrections as may be necessary by reason of such defects including the repairs of any damage to other parts of the system resulting from such defects. The Owner will give notice of observed defects with reasonable promptness. In the event that the Contractor should fail to make such repairs, adjustments, or other Work that may be made necessary by such defects, the Owner may do so and charge the Contractor the cost thereby incurred.

The Performance Bond shall remain in full force and effect through the guarantee period.

"30. ARBITRATION

"30.1 All claims, disputes, and other matters in question arising out of, or relating to, the Contract Documents or the breach thereof, except for Documents or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

"30.2 Notice of the demand for arbitration shall be filled in writing with the other party to the Contract Documents and with the American Arbitration Association, and a copy shall be filed with the Engineer.

Demand for arbitration shall in no event be made after institution of legal proceedings based on any claim, dispute or other matter in question which would be barred by the applicable statute of limitations."

Sometime in 1977, after the expiration of the one year maintenance period in the contract, the city noticed some deterioration in the form of some longitudinal cracks in the paving work done by Scagnetti. Apparently at the same time, similar problems were noted regarding roadways involved in other projects performed in 1973 by other contractors. Tests run by the city concluded that the cracks were the result of the design of the roadways that did not conform to generally accepted engineering practices. The city took no action against Scagnetti or the other contractors for these defects, other than to write to them about those conditions.

In June 1979, approximately two years and two winters after Scagnetti had paved the streets, the city noticed that certain portions of the surface of the roadways were deteriorating with a condition described as "spaulling." Thereupon, and in 1979, the city retained the services of several consulting engineering firms. At that point in time, the city took no action against Scagnetti or the other contractors nor did the city take any action to correct the problem or to do any maintenance work on the roads.

It was not until May 23, 1984, that the city filed this action against Scagnetti and the Pot Clinton Lumber Company[1], the concrete supplier to Scagnetti on the 176 project. In its complaint, the city alleged negligence based upon workmanship, although the city also alleged breach of contract and various warranties.

In June 1984, Scagnetti filed a motion to dismiss on the basis that the claim of the city was barred by the Statute of limitations and by the terms and conditions of the contract itself. The trial court denied this motion on August 21, 1984 and ordered Scagnetti to commence a separate action to enforce any arbitration rights if it was going to assert any arbitration rights as set forth in the contract. The lower court made this order interlocutory only, the entry not including any language suggestive of Civ. R. 54(B) to make the order final and appealable.

On or about September 7, 1984, Scagnetti filed a motion for reconsideration regarding the denial of its motion to dismiss on the

contractual and statute of limitations issues; a motion to stay proceedings; and a petition for order directing arbitration. On November 26, 1984, the trial court denied Scagnetti's motion for reconsideration, again denied its motion to dismiss and again made its order interlocutory.

On March 8, 1985, the city filed a general demand for arbitration, "detailing" the nature of the dispute in three words - "breach of contract." In response, Scagnetti filed numerous motions to require the city to amplify and enumerate its claims. The arbitration panel, after two days of hearing on October 14 and 15, 1985, made an award of $25,000 in favor of the city. We would note at this juncture that this award bears no relationship whatsoever to the contract or damage evidence in the case, but rather approximates the city's expenditure for road tests. As far as we are aware, there was no evidence adduced at the arbitration hearing regarding the lack of good workmanship by Scagnetti. Throughout the proceedings, Scagnetti raised the defense of the statute of limitations, thus preserving it for the record.

Following the arbitration ruling, Scagnetti filed a motion to vacate, modify and correct the arbitration award, again asserting its contract and statute of limitations arguments. On August 14, 1986, after conducting oral arguments in June, the trial court entered final judgment in favor of Scagnetti for the reason that the arbitrators lacked jurisdiction to proceed, based upon the contract itself and the applicable statutes of limitations. At this time the trial court also converted Scagnetti's motion to dismiss to one for summary judgment and dismissed the city's complaint against Scagnetti for the same reason, *i.e.*, that it was barred by the applicable statute of limitations.

The city appealed this decision, with this court remanding this case back to the trial court to determine whether its prior decision was in conformity with R.C. 2711.10. Significantly, this court did not say that the trial court's conclusion was wrong or that the trial court had no authority to rule as it did. Aware that a trial court has the authority to vacate an arbitration award pursuant to R.C. 2711.10, this court's ruling was a reminder to the trial court to review its earlier decision, keeping in mind R.C. 2711.10.

On May 11, 1988, the city filed its brief for confirmation of the arbitration award. On June 7, 1988, Scagnetti filed its response, captioned "Brief of Defendant Scagnetti Construction Company to Vacate, Modify or Correct the Arbitration Award and Motion and Memorandum for Summary Judgment." Oral arguments were requested by Scagnetti at that time. The city filed a reply brief on June 21, 1188. The trial court heard oral arguments on June 28, 1988.

On September 14, 1988, the trial court issued its judgment entry. Applying R.C. 2711.09-16, specifically R.C. 2711.10(D), the trial court reconfirmed its judgment entry of August 14, 1986, incorporating that entry with its September 14, 1988 judgment entry, and again denied the city's application to confirm the arbitration award, granted Scagnetti's motion to vacate the arbitration award, vacated the court's interlocutory order denying Scagnetti's motion to dismiss and awarded summary judgment in favor of Scagnetti.

In its order, the trial court found that Scagnetti properly preserved its statute of limitations defense raising it at every opportunity whether it had to or not. The trial court also found that the contract between the city and Scagnetti, the city's own agreement, expired as to the city for purposes of arbitration on January 25, 1978.

The trial court held that the city's claim was one of negligence - defective workmanship and/or materials - a tort subject to the four year statute of limitation. Noting that the city admitted it had notice in June 1979, but that it did not assert its rights until May 1984, the trial court held that the city was barred by the passage of time from bringing suit.

The trial court, applying R.C. 2711.10(D), held that the arbitrators exceeded their authority as they had no jurisdiction to proceed - the statute of limitations had run and there was no viable contract to give them authority to arbitrate the dispute. The trial court was of the opinion that it was mandated by R.C. 2711.10(D) to vacate an arbitration award when the arbitrators exceeded their powers.

On September 30, 1988, in case No. 23551, Ottawa County Court of Common Pleas, the trial court issued a judgment entry taxing certain costs of arbitration against the city.

It is from these judgments that appellant city has appealed to this court.

Thus, the central issue presented to us on appeal is the extent of a trial court's power and authority under R.C. 2711.10(D) with reference to the authority and validity of an arbitration panel to act where the underlying contract is, arguably, moot and/or the applicable statutes of limitations have expired.

In the case *sub judice*, the trial court held that an arbitration panel has no authority under such circumstances. The trial court further held that having no authority, any exercise of authority by arbitrators in situations where the underlying contract (from which the arbitrators derive their authority) is moot or expired is clearly conduct in excess of their power. R.C. 2711.10(D) mandates a trial court to vacate an arbitration award where the arbitrators exceed their powers. The trial court in the case *sub judice* held that the arbitrators exceeded their powers. We agree.

In answer to appellant's Assignment of Error No. 1, R.C. 2711.10 provides, in pertinent part:

> "In any part of the following cases, the Court of Common Pleas shall make an order vacating the award upon the application of any party to the arbitration if: "(D) The arbitrators exceeded their powers * * *"

The authority of arbitrators depends upon the agreement of the parties. It has been held that:

> "An arbitrator's authority [if any] is limited to that granted him by the contracting parties and does not extend to the determination of the wisdom or legality of the bargain." *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 519.

The trial court's determination that the arbitrators exceeded their powers because they had no jurisdiction was a proper exercise of judicial authority. The question of jurisdiction is an issue for the trial court to decide, not the arbitrators. *Vulcan- Cincinnati, Inc.* v. *United Steelworkers of America* (1960), 113 Ohio App. 360. It was held in *Internatl. Union Local No. 18* v. *Dayton P & L Co.* (1974), 500 F. 2d 766 that "[t]he question whether a party has contracted to arbitrate is a matter of the courts to decide on the basis of the contract entered into by the parties."

A close examination of the contract, drafted by the city, fails to cite any contractual provision that expressly conferred the power to determine jurisdiction to the three member arbitration panel nor does any such provision exist in the contract.

The trial court, having found that it jurisdiction to determine whether the arbitration panel could issue a binding order upon the parties, was not required to adhere to its earlier decisions, because as the trial court correctly noted, those decision were interlocutory in nature and, pursuant to Civ. R. 54(B), such orders are "subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378.

While the city argues that the trial court substituted its judgment for that of the arbitrators, our examination of the record reveals that the trial court merely reconsidered its earlier interlocutory decision and Scagnetti's motion to dismiss - an issue that is one for the trial court to determine.

The city relies on *Colegrove* v. *Handler* (1986), 34 Ohio App. 3d 142. A close examination of that case reveals that it is clearly distinguishable. In the case *sub judice*, the contract was not terminated, but was completed by Scagnetti, and that fact is acknowledged by the city when it made the final payment on January 24, 1977 to Scagnetti, upon the recommendation of its professional engineer. In addition, the trial court did not rule that the city's right to arbitration ended when the contract was completed, but that the contract, a instrument drafted by the city, by its terms expired one year after the contract was completed by Scagnetti, with the one year period to commence running when the city sent its final payment to Scagnetti. Additionally, the contract here, unlike the contract in *Colegrove, supra*, contains specific provisions restricting the city's right to arbitration, *i.e.* one year from the date of substantial completion.

We find in sum that the decision of the trial court to vacate the arbitration award pursuant to R.C. 2711.10(D) was correct for the reason that the arbitrators had exceeded their powers and authority, pursuant to the terms of the contract itself.

Irregardless of what prior orders the trial court had made, because they were interlocutory in nature, the trial court was within its jurisdiction in setting aside the arbitration award in its final judgment order, having decided that under the terms of the contract, the matter should not have gone to arbitration in the first place. For the foregoing reasons, we find appellant's first assignment of error not well-taken.

With regard to its second assignment of error, the appellant argues that the trial court

erred in not applying R.C. 2305.06, the fifteen year statute of limitations for written contracts in this action.

The thrust of appellant's claim in this case is one of negligence for defective workmanship and/or materials. The trial court has held that R.C. 2305.06 has no application in the case at hand. We agree. The trial court relied on *Velotta* v. *Les Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376. We agree with the analysis made of that case by the trial court. The Supreme Court of Ohio in *Velotta, supra,* discussed the issue of whether a duty to construct in a workmanlike manner constitutes an action in contract or an action in tort. The Supreme Court of Ohio concluded that even when the duty to perform in a workmanlike manner is spelled out in a written contract, the action is one that arises in tort because the action is based upon a claim that the workman breached a duty that is imposed upon him by law. Thus it follows that such claims sound in tort are governed by the appropriate tort statutes of limitations, here, R.C. 2305.09(D). It follows, as the Supreme Court held in *Velotta, supra,* that in the case *sub judice,* the city's claims in this case are barred.

Inasmuch as the city's claims can only be an action in tort, it follows that it claims are barred by R.C. 2305.09(D), the applicable statute of limitations for alleged defects in workmanship or materials. The statute requires a party to bring an action upon its claims within a period of four years following the discovery of the claim. It is uncontroverted herein that the claims were discovered by the city in June 1979, and its claims were extinguished as to defendant-appellee in June 1983.

It is well established in Ohio law that parties to a contract may agree to a statute of limitations shorter than that authorized by law. In the contract under consideration, the terms and conditions of the contract itself govern, and the statute of limitations written into the contract was one year. This is especially so where, as here, the city drafted the contract.

For the foregoing reasons, we find appellant's second assignment of error not well-taken.

As to appellant's third assignment of error, the record reveals that it has waived any argument that R.C. 2305.131 has any application in this case. The city never briefed or raised this argument before in this case, in either the trial court or when this case was previously before this court for limited review. Appellee had objected to this argument in the hearing held on June 28, 1988 in the trial court. The trial court rejected the argument. Appellant has failed to properly and timely raise this issue and, therefore, it may not be considered in this appeal. Accordingly, appellant's third assignment of error is found not well-taken.

As to appellant's fourth assignment of error, we consider this to be a corollary to the arguments raised in the first assignment of error.

It is well settled law that a trial court has the power to review an arbitration award and, although that power is somewhat limited, it is an inherent power that lies within the jurisdiction of the trial court. The parameters of that power are set forth in R.C. 2711.01, *et seq.*

In addition to the power exercised by the trial court, an examination of the record further reveals that separate grounds exist for the vacation of the arbitration award. The first is that the arbitrators were guilty of misconduct in failing to postpone the hearing, thereby denying appellee its right to a fair hearing and an opportunity to defend itself and present its case. The second basis is manifest mistake, comprised of two separate, independent subparts. One is that the award concerned matters that were not part of the contract. The other basis is that there is no evidence of wrongdoing by appellee which was addressed at the arbitration hearing to support the award.

The facts and applicable legal authorities establish that the trial court acted properly in vacating the arbitration award in accordance with this authority under R.C. 2711.10(D). The arbitrators exceeded their authority; they lacked jurisdiction because the city was dilatory in asserting its claims against Scagnetti.

As noted, *supra,* the contract between the city and Scagnetti, a contract drafted by the city, contained a one year statute of limitation provision which is reasonable and not against public policy, and which the parties are entitled to enter into as part of their contract. Therefore, R.C. 2305.06 has no application.

We further find that the trial court did not err in not applying R.C. 2305.131 as the city failed to timely raise this argument, thereby waiving it. Assuming, arguendo, that R.C. 2305.131 is applicable, we find that the trial court still acted properly in applying R.C. 2305.09(D), the tort four year statute of

limitations, to the city's claims.

For the foregoing reasons, we find each and all of appellant's assignments of error not well-taken. We find that substantial justice was done to appellant, that the final judgment of the trial court was correct and we hereby affirm said judgment in all respects. The costs of this appeal are taxed to appellant, city of Port Clinton, Ohio.

HANDWORK, P. J. and CONNORS, Jr., J., Concur.
ABOOD, J., Dissents.

---

[1] The Port Clinton Lumber Company was joined as a party to the suit by the city and was subsequently granted summary judgment as to the city's claim in this case and in several companion cases based upon the four year statute of limitations. The decision was upheld on appeal. Port Clinton Lumber Co., is presently a defendant in this case based upon claims brought by Scagnetti for indemnification and contribution.