DECISION AND JUDGMENT ENTRY
{¶ 1} The Ohio Historical Society appeals from the trial court's decision denying its motion to stay the proceedings pending arbitration. The trial court determined that appellant was not entitled to enforce the arbitration provision because the appellant had unilaterally terminated the contract after receiving a request for mediation from appellee, K.M.P., Inc. Because appellant's termination of the contract did not constitute a waiver of the arbitration provision, the trial court should have stayed the proceedings pending arbitration under R.C. 2711.02. Therefore, we reverse the trial court's decision.
 {¶ 2} On June 25, 2001, appellant and appellee entered into a contract that required appellee to complete various construction projects at Thomas Worthington's historic home in Chillicothe. The contract contained American Institute of Architects (AIA) standard terms, including an arbitration provision. The contract required "any claim arising out of or related to the contract" to be submitted to arbitration in accordance with the Construction Industry Rules of the American Arbitration Association (AAA). The contract also provided that before arbitrating a contract dispute, the parties would attempt to resolve the dispute through mediation.
 {¶ 3} The AAA rules state that a party initiates mediation by filing with the AAA a written request for mediation, along with an appropriate filing fee. Upon receipt of a mediation request, the AAA appoints a mediator who fixes the date and time for mediation.
 {¶ 4} A contract dispute subsequently arose between the parties, and in May 2002, appellee sent a letter to appellant requesting that the parties mediate the contract dispute. Appellee did not send the letter to the AAA. Later in May 2002, appellee again contacted appellant regarding mediation. Appellant did not respond to either of appellee's letters.
 {¶ 5} In June 2002, appellant gave appellee seven days notice that appellant intended to terminate appellee's contract.
 {¶ 6} In July 2002, appellee filed a complaint against appellant for breach of contract and unjust enrichment. Appellant filed an answer that raised the arbitration provision as an affirmative defense. Appellant also filed a motion to stay the proceedings pending arbitration.
 {¶ 7} Subsequently, the trial court overruled appellant's motion to stay the proceedings. The trial court determined that although appellee had not fully complied with the AAA procedure for initiating mediation, appellant nevertheless knew that appellee wished to mediate the dispute. The trial court concluded that because appellant terminated the contract, despite knowing that appellee desired to mediate the dispute, appellant was not entitled to enforce the arbitration provision. The trial court essentially decided that appellant's termination of the contract while knowing of appellee's desire to mediate the dispute constituted a waiver of the arbitration provision.
 {¶ 8} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred in overruling defendant's motion to stay the proceedings pending arbitration pursuant to R.C. 2711.02."
 {¶ 9} Appellant argues that the trial court erred by overruling its motion to stay the proceedings pending arbitration. Appellant asserts that R.C. 2711.02 required the trial court to stay the proceedings, unless the trial court found that appellant waived the arbitration provision or that the subject matter of the dispute did not fall within the contract provisions. Appellant contends that because it did not waive the arbitration provision, the trial court should have stayed the proceedings. Appellant further argues that an arbitrator, not a trial court, should decide whether a party complied with procedural requirements for invoking an arbitration provision.
 {¶ 10} Appellee argues that appellant, by terminating its contract while knowing of appellee's desire to mediate, waived the arbitration provision.
 {¶ 11} Ohio public policy favors arbitration. See, e.g., Gerig v.Kahn (2002), 95 Ohio St.3d 478, 482, 769 N.E.2d 381; Williams v. AetnaFin. Co. (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (stating that "[a]rbitration is encouraged as a method to settle disputes"); ABMFarms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 692 N.E.2d 574. Thus, when a dispute falls within the scope of an arbitration agreement, a presumption arises in favor of arbitration. Williams,83 Ohio St.3d at 471. "An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." Id.
 {¶ 12} R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement. See ABM Farms,81 Ohio St.3d at 500. R.C. 2711.02(B) provides: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 13} Thus, R.C. 2711.02 requires a court to stay the trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, (2) the court is satisfied the issue is referable to arbitration under the written agreement, and (3) the applicant is not in default in proceeding with arbitration. See Wishnosky v. Star-Lite Bldg. Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245; MGM LandscapingContrs., Inc. v. Berry (Mar. 22, 2000), Summit App. No. 19426.
 {¶ 14} Generally, absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration. See, e.g., Carter Steel FabricatingCo. v. Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254,710 N.E.2d 299; Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 410, 710 N.E.2d 1040; Dynamark Sec. Centers, Inc.v. Charles, Summit App. No. 21254, 2003-Ohio-2156, at ¶ 10; Smithv. Kreepy Krauly USA (Jan. 18, 2001), Scioto App. No. 00CA2709. An abuse of discretion is more than an error in judgment or law. Rather, an abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. See, e.g., Berkv. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. However, a trial court's discretion is not unlimited. See Berish v. Berish (1982),69 Ohio St.2d 318, 321, fn. 1, 432 N.E.2d 183.
 {¶ 15} The main issue here is whether the trial court erred by determining that appellant waived its right to enforce the arbitration provision. In order to prove that a party seeking to enforce an arbitration provision waived its right to arbitrate, "the complainant is required to demonstrate that the defending party `knew of an existing right to arbitration * * * and acted inconsistently with that right to arbitrate'" Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,413, 701 N.E.2d 1040 (quoting Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353). In doing so, the trial court must examine "the totality of the circumstances." Id. at 413-414; Peridia,Inc. v. Showe Const. Co., Inc. ex rel. Showe Builders, Inc., Ottawa App. No. OT-02-027, 2003-Ohio-1415. Moreover, a court should not "lightly infer waiver of the right to arbitrate." Checksmart v. Morgan, Cuyahoga App. No. 80856, 2003-Ohio-163, at ¶ 21; see, also, Harsco,122 Ohio App.3d at 415.
 {¶ 16} The majority of cases examining whether a party waived the right to arbitrate focus upon conduct occurring in litigation. For example, a party who files a lawsuit and then seeks to enforce an arbitration provision generally waives the right to arbitrate. See, e.g., Harsco, 122 Ohio App.3d at 412. Additionally, courts have found a waiver of the right to arbitrate when a defending party files an answer and fails to timely assert an arbitration provision as an affirmative defense. See, e.g., id.
 {¶ 17} At least one Ohio court of appeals has addressed the question of whether a party waives the right to arbitrate when the party, prior to a lawsuit being filed, terminates a contract that contains an arbitration provision. See Colegrove v. Handler (1986),34 Ohio App.3d 142, 145, 517 N.E.2d 979. In Colegrove, the defendant terminated the contract before attempting to enforce the arbitration provision. The plaintiff argued that the defendant, by terminating the contract before seeking to enforce the arbitration provision, waived the right to demand arbitration. The court of appeals disagreed with the plaintiff, stating: "[T]here is no reason, absent a specific contractual provision, to restrict arbitrability to disputes that arise under the contract to situations where the demand for arbitration precedes the termination of the contract." Id.
 {¶ 18} The court based its reasoning, in part, on the strong public policy favoring arbitration as a method of resolving disputes. As the Colegrove court stated: "As court dockets grow more crowded and litigation costs more expensive, methods of alternative dispute resolution should be encouraged." Id. at 145.
 {¶ 19} The case at bar involves a nearly identical situation to that present in Colegrove. Appellant, like the defendant in Colegrove, terminated the contract before seeking to enforce the arbitration provision. We agree with Colegrove that to hold that a party waives an arbitration provision by terminating a contract before seeking to enforce that provision would contravene well-established and sound public policy. The law favors arbitration and a court should not lightly infer a waiver of the right to arbitrate. See Gerig; Checksmart.
 {¶ 20} While the appellee and the trial court focus upon appellee's desire to mediate the dispute, it is clear that appellee did not comply with the AAA requirements for commencing mediation. Appellee admits that it did not file a written request for mediation with the AAA, together with a filing fee. Had it done so, then appellant's termination of the contract might arguably be seen as a repudiation of the dispute resolution provisions of the contract. But, absent the appellee's compliance with the procedure for initiating mediation, we need not address that issue.
 {¶ 21} Furthermore, under these circumstances, we do not believe that terminating a contract is an act inconsistent with arbitration. Rather, the right to terminate a contract generally is a right inherent in the contract. Whether a party justifiably terminated the contract is a matter that may be resolved by arbitration.
 {¶ 22} We thus disagree with the trial court that appellant, by terminating the contract while knowing of appellee's desire to mediate the dispute, waived the right to demand arbitration in accordance with the contract. Consequently, we conclude that the trial court erred by denying appellant's motion to stay the proceedings pending arbitration.
 {¶ 23} Because the foregoing completely disposes of appellant's sole assignment of error, we will not address appellant's argument that an arbitrator, not a trial court, should decide whether a party complied with procedural requirements for invoking arbitration.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.