OPINION *Page 2 
{¶ 1} Appellant Penny J. Young appeals the decision of the Knox County Court of Common Pleas
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Penny J. Young opened a credit card account with Appellee FIA Card Services, N.A., fka MBNA America Bank, N.A. Appellant subsequently defaulted on the account. Pursuant to the credit card agreement, Appellee submitted its claim to the National Arbitration Forum.
 {¶ 3} On January 28, 2008, the National Arbitration Forum entered an arbitration award in favor of Appellee and against Appellant in the amount of $11,119.76.
 {¶ 4} On June 11, 2008, Appellee filed a motion and application to confirm the arbitration award in the Court of Common Pleas for Knox County, Ohio, pursuant to R.C. § 2711.09.
 {¶ 5} On June 16, 2008, Appellant filed an Opposition and Motion to Vacate and Dismiss in the common pleas court.
 {¶ 6} By judgment entry filed July 17, 2008, the trial court granted Appellee's motion to confirm the arbitration award.
 {¶ 7} Appellant filed an appeal and this matter is now before this Court for consideration. Appellant assigns the following errors for our review:
 ASSIGNMENTS OF ERROR {¶ 8} "I. (IN PERSONAM JURISDICTION) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED IN CONSIDERING THE CLAIMANT'S APPLICATION *Page 3 
FOR AN ORDER CONFIRMING ARBITRATION AWARD — THE CLAIMANT LACKED AUTHORITY OR RIGHT OF ACCESS TO THE COURT. THE TRIAL COURT ERRED BY USURPING JURISDICTION WITHOUT A LAWFUL BASIS AND RENDERED AN ORDER WITHOUT LAWFUL AUTHORITY.
 {¶ 9} "II. (SUBJECT-MATTER JURISDICTION) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY USURPING JURISDICTION OVER MATTERS RESERVED AS A FEDERAL ISSUE. THE ALLEGED CONTRACT PRESENTED BY THE CLAIMANT INVOLVES MATTERS OF INTERSTATE COMMERCE, SUCH MATTERS WHICH ARE DELEGATED TO CONGRESS AND THE FEDERAL COURTS AND NOT TO THE STATES.
 {¶ 10} "III. (FRAUD) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY KNOWINGLY AND WILLFULLY ALLOWING FRAUD TO ENTER THE COURT. THE SUBJECT ARBITRATION AWARD WAS PERPETRATED ON FRAUD RESULTING FROM THE KNOWING AND WILLFUL MISAPPLICATION AND/OR CIRCUMVENTION OF ESTABLISHED LAW, DEPRIVING RESPONDENT HER RIGHTS TO DUE PROCESS OF LAW.
 {¶ 11} "IV. (DUE PROCESS OF LAW) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY DENYING APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW. THE ACTIONS OF THE TRIAL COURT DENIED APPELLANT THE PROTECTIONS CLEARLY AFFORDED BY ESTABLISHED LAW AND THE OPPORTUNITY TO BE HEARD IN OPPOSITION TO THE CLAIMANT'S ALLEGATIONS. *Page 4 
 {¶ 12} "V. (JUDICIAL MISCONDUCT) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY EXERCISING ITS AUTHORITY CONTRARY TO THE OHIO CONSTITUTION, U.S. CONSTITUTION, OHIO REVISED CODE, CODE OF JUDICIAL CONDUCT, RULES FOR THE GOVERNMENT OF THE JUDICIARY OF OHIO, AND CODE OF PROFESSIONAL CONDUCT. THE CONDUCT OF THE TRIAL COURT IS DEEMED BIASED AND PREJUDICED AGAINST THE APPELLANT. THE JUDGE NEGLECTED HIS OFFICIAL DUTY TO UPHOLD THE INTEGRITY OF THE JUDICIARY AND ABUSED HIS JUDICIAL DISCRETION.
 {¶ 13} "VI. (FACTS AND LAW) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY REFUSING TO HEAR OR RESPOND TO RESPONDENT'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE COURTS OF OHIO ARE NOT FOUNDED UPON TYRANNY OR DICTATORIAL AUTHORITY, RATHER THEY WERE CREATED TO ENSURE JUSTICE AND REMEDY BASED ON SOUND PRINCIPLES OF ESTABLISHED AND JUST LAWS. THE TRIAL COURT'S FAILURE TO ENTER ANY RESPONSE ON THE RECORD REGARDING ITS LEGAL BASIS FOR THE SAID ORDER PERMEATES A SENSE OF NEGLECT OR ILL-INTENT."
 I, II {¶ 14} Under her first two assignments of error, Appellant claims the trial court lacked personal jurisdiction and subject matter jurisdiction in this matter. We disagree.
 {¶ 15} Appellant claims the trial court lacked personal jurisdiction because Appellee is a "non-registered and non-licensed foreign corporation (entity) in Ohio" which does not "have authority or the right of access to Ohio courts for remedy." (See *Page 5 
Appellant's brief at 16). Upon review, we find Appellee is registered as a National Bank with the FDIC and as such has the power to sue and be sued pursuant to 12 USC 24.
 {¶ 16} Furthermore, R.C. § 2711.09 clearly states the proper jurisdiction lies with the court of common pleas.
 {¶ 17} R.C. § 2711.09 Application for order confirming the award
 {¶ 18} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
 {¶ 19} Assignments of Error I and II are denied.
 III, IV, V and VI {¶ 20} We shall address Appellant's remaining issues together.
 {¶ 21} As set forth above, Chapter 2711, et seq. governs arbitration procedures. This chapter authorizes, in part, judicial enforcement of an arbitration award. See Land Lake Dev., Inc. v. Lee Corp., 3rd Dist. No. 4-99-10, 1999 WL 1072694, at *2. Specifically, R.C. § 2711.09 states:
 {¶ 22} "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the courtshall grant such an order and enter *Page 6 judgment thereon, unless the award is vacated, modified, or corrected asprescribed in sections 2711.10 and 2711.11 of the Revised Code." (emphasis added).
 {¶ 23} Absent a motion to modify, vacate, or correct the arbitration award, the trial court is without jurisdiction to do so. Land LakeDev., supra at *2 (quoting Colegrove v. Handler (1986),34 Ohio App.3d 142, 146, 517 N.E.2d 979). Therefore, the trial court may only confirm or dismiss the complaint. Id. (quoting Colegrove, supra at 146). See also Warren Edn. Assn. v. Warren City Bd. of Edn. (1985),18 Ohio St.3d 170, 480 N.E.2d 456, at syllabus ("When a motion is made pursuant to R.C. 2711.09 * * *, the court must grant the motion if it is timely,unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." (emphasis added)). Any court order that modifies an arbitration award is void ab initio. Land LakeDev., supra at *2 (citing Warren, supra at 172).
 {¶ 24} The time limit for filing a motion to vacate, modify or correct an arbitration award is contained in R.C. § 2711.13, which provides:
 {¶ 25} "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
 {¶ 26} "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served *Page 7 
with the notice of motion, staying the proceedings of the adverse party to enforce the award."
 {¶ 27} The statute creates a statute of limitations for motions to vacate or modify arbitration awards that is mandatory and jurisdictional. Galion v. Am. Fedn. of State, Cty. and Mun. Employees,Ohio Council 8, AFL-CIO, Local No. 2243 (1995), 71 Ohio St.3d 620, 622. "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award * * * If an application is filed after this period, the trial court lacks jurisdiction." Id.
 {¶ 28} The arbitration Award in the instant case was awarded on January 28, 2008. Such Award states that it was mailed to Appellant on January 29, 2008.
 {¶ 29} Appellant did not file her Motion to Vacate until June 16, 2008, well past the three month time limit allowed for such under the above statute. Appellant does not allege that she was never served with a copy of the Award.
 {¶ 30} Appellant's motion to vacate was therefore untimely, and the trial court lacked jurisdiction to consider same.
 {¶ 31} Appellant also assigns error to the trial court's refusal to "hear or respond to [Appellant's] motion for findings of fact and conclusions of law".
 {¶ 32} First, Civ. R. 52 specifically applies when questions of fact are tried by the court without a jury. Civ. R. 52 does not apply in cases of binding arbitration. Bradley v. Tellom Leasing (Aug. 26, 1996), Stark App. No. 1995CA00321.
 {¶ 33} Ohio law does not require an arbitrator to issue findings of fact or conclusions of law. The validity of an arbitration award is unaffected by the lack of written findings of fact and conclusions of law. Ford Hull-Mar Nursing Home, Inc. v. *Page 8 Marr, Knapp, Crawfis Assoc, Inc. (2000), 138 Ohio App.3d 174, 179,740 N.E.2d 729. An arbitrator need not file findings of fact, because the trial court is precluded by statute from examining any legal or factual merits of a decision rendered pursuant to binding arbitration in the absence of fraud or bad faith on the part of the arbitrator.Creatore v. Robert W. Baird Co. (2003), 154 Ohio App.3d 316,797 N.E.2d 127, citing Ford Hull-Mar Nursing Home, Inc.,138 Ohio App.3d at 181-182, 740 N.E.2d 729.
 {¶ 34} As the trial court's role in a proceeding involving an application to confirm an arbitration award is limited to granting an application for an order and entering judgment thereon, unless the award is vacated, modified, or corrected, a trial court is not required to file findings of fact and conclusions of law.
 {¶ 35} Assignments of Error III, IV, V and VI are overruled.
 {¶ 36} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.
Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1