DIVINE CONSTRUCTION COMPANY, INC., Appellee,

v.

OHIO–AMERICAN WATER COMPANY, Appellant.

[Cite as *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–251.

Decided July 30, 1991.

**312**

*Emens, Hurd, Kegler & Ritter* and *Donald W. Gregory*, for appellee.

*Frericks & Howard, Theodore P. Frericks* and *Theodore P. Frericks, IV*, for appellant.

---

BOWMAN, Presiding Judge.

Defendant-appellant, Ohio–American Water Company ("Ohio–American"), appeals a judgment by the Franklin County Court of Common Pleas which ordered Ohio–American to proceed with arbitration of a dispute between Ohio–American and plaintiff-appellee, Divine Construction Company ("Divine"). The trial court also denied Ohio–American's motion to transfer venue to Marion County, Ohio.

In its complaint seeking enforcement of the arbitration clause, Divine alleges that this matter originated with Ohio–American's advertisement for bids for a construction project in Marion, Ohio. Divine alleged that it submitted a bid on July 3, 1990, and that Ohio–American accepted the bid and signed a contract designated as an "American Institute of Architects (AIA) A101 Owner/Contractor Agreement." This document is a standard form used to create a written construction contract for a building project. The agreement incorporated by reference another standard form, the A201 General Conditions for Construction form.

Section 4.5.1 of the general conditions portion of the written contract provides for arbitration of "[a]ny controversy or Claim arising out of or related to the Contract, or the breach thereof * * *." Divine did not sign the contract, although the record does not explain why. Although references were made in the briefs and during oral argument to a contract signed by Ohio–American, a copy of that contract is not part of the record before this court.

In both its original complaint and its brief before this court, Divine claims that the lack of both signatures was irrelevant since the conduct of the parties signified their intent to be bound by the contract.

Subsequent to Ohio–American's acceptance of the bid, a dispute arose between the parties which apparently centered upon the respective nonperformance of allegedly concurrent duties of the parties.

According to Divine, when these problems started to occur and failed to be resolved, it refused to commence work on the construction project. Ohio–American then claimed a breach of the bid contract and made a claim against Divine's bid bond for $130,000. On December 27, 1990, Divine commenced this action for enforcement of the arbitration clause in the contract. On December 28, 1990, the trial court set the matter for a January 28, 1991 "non-oral hearing." Ohio–American did not immediately answer the allegations set forth in the complaint, instead filing a motion to transfer venue to Marion County, Ohio, and a supporting affidavit on January 25, 1991. However, Ohio–American did file a brief contra arbitration in which it raised issue with the arbitrability of the dispute and demanded a jury trial on the question. On February 8, 1991, the trial court entered judgment on both Divine's complaint and Ohio–American's motion to transfer venue, finding in Divine's favor on both issues.

Ohio–American appeals from both judgments and asserts the following assignments of error:

"1. The trial court erred in denying defendant–appellant's motion for transfer to Marion County.

"2. The trial court erred in entering a final judgment, summarily, without oral hearing, ordering the parties to immediately proceed with arbitration of the entire dispute under the Construction Industry Rules of the American Arbitration [A]ssociation pursuant to Ohio Revised Code Section 2711.03."

Ohio–American's first assignment of error asserts that the trial court committed reversible error in failing to grant its motion to transfer venue to Marion County pursuant to Civ.R. 3(B). Ohio–American claims that venue was not properly in Franklin County because the company is not a resident of Franklin County, does not have a place of business here, and none of the activity forming the basis of Divine's complaint occurred here.

The Cuyahoga County Court of Appeals dealt with this same issue in *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270, wherein the court held that R.C. 2711.16 preempts Civ.R. 3. R.C. 2711.16 provides:

"Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the court of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code, which designation is an irrevocable consent to the parties thereto to such jurisdiction, or, whether or not such designation has been made, in the court of common pleas of any county in which a party in interest resides or may be summoned, or if any party in interest is a corporation, in any county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees, or other chief officer."

The *Gerl* court reasoned that, because Civ.R. 1 exempted application of the Civil Rules subject to special statutory proceedings, and because the Ohio Arbitration Act, R.C. Chapter 2711, mandates such a proceeding, the venue provisions in that chapter superseded those outlined in the Civil Rules.

Ohio–American attempts to distinguish *Gerl* on the grounds that, in that case, the arbitration had already been held, without objection, in Cuyahoga County. Ohio–American additionally claims that R.C. 2711.16 only applies to jurisdiction, not venue. Neither argument is persuasive.

First, R.C. 2711.16 simply states that " * * * actions and proceedings brought under [R.C. Chapter 2711] shall be brought * * * in the court of common pleas of any county in which a party in interest resides or may be summoned * * *." The statute makes no distinction between cases in which venue has been contested and cases in which venue has not been contested. Moreover, although the statute is entitled "Jurisdictions of courts of common pleas," the wording of the statute, which indicates which *county* would be an appropriate forum, refers to issues of venue, and not merely jurisdiction.

Therefore, since Franklin County is a county in which at least one party resides or is situated under R.C. 2711.16, the trial court did not err in refusing to transfer the matter to Marion County. Ohio–American's first assignment of error is overruled.

Ohio–American's second assignment of error charges that the trial court improperly found for Divine on the suit to compel arbitration since the existence of any agreement to arbitrate was at issue and required a full evidentiary review.

R.C. 2711.03 covers the procedure required where enforcement of an arbitration agreement is sought. It provides, in part:

" * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceedings thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement."

Ohio–American maintains that, because it raised an issue as to whether the parties executed the contract containing the arbitration clause, the making of the arbitration agreement was at issue. Ohio–American thus asserts that the trial court's decision to summarily compel arbitration was in error because it enforced an agreement contained in a nonexistent contract.

Moreover, Ohio–American asserts its demand for a jury trial contained within its brief contra arbitration, which demand was in accordance with R.C. 2711.03, required the trial court to submit the issue of the arbitrability of the dispute to a jury and not to render what was, in effect, a judgment on the pleadings.

Divine counters that a written construction agreement containing an arbitration clause may be binding even though not signed by all parties to the agreement. Divine essentially asserts that in such cases the surrounding circumstances dictate whether a contract has been executed.

The trial court determined that the agreement between the parties contained a mandatory arbitration provision and, therefore, ordered the parties to proceed with arbitration. The trial court apparently found the construction contract to be viable, in opposition to assertions by Ohio–American that nonperformance of conditions precedent to the formation of the contract, such as the presentation by Divine of proof of workers' compensation coverage, insurance and bonding, resulted in the failure of execution of the contract. The court also apparently deemed Divine's failure to sign the contract to be irrelevant to the issue of whether a written agreement had been created.

■■■ Although the law favors and encourages arbitration, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit to arbitration. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89; *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 531 N.E.2d 721. The scope of an arbitration clause, that is whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract. *Gibbons–Grable Co. v. Gilbane Building Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559. Moreover, where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial as requested by the parties. See R.C. 2711.03; *Colegrove v. Handler* (1986), 34 Ohio App.3d 142, 517 N.E.2d 979.

In *Colegrove*, this court considered whether a dispute between parties to a terminated dealership agreement was subject to arbitration under the contract's arbitration clause. This court found that, because the dispute arose out of the contract, the trial court had properly compelled arbitration under R.C. 2711.03. In *Colegrove*, this court stated:

"Interpreting the analogous federal arbitration provision which contains exactly the same language as R.C. 2711.03, the Sixth Circuit Court of Appeals in *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.* (C.A. 6, 1983), 706 F.2d 155, stated at 159: ' * * * Only if the making of the agreement to arbitrate or the failure to perform such an agreement is in issue must the court conduct a trial.' The court then proceeded to determine if there was any question of the making of the agreement to arbitrate, and found, absent an allegation of mistake, a hearing was not required.

"This interpretation is consistent with both the mandatory language of the statute and the policy of arbitration. Arbitration is a method of resolving disputes quickly, outside the court system. The plaintiff does not contend that he did not sign the contract including the arbitration provision. He does not claim mistake or inadvertence which puts the making of the agreement to arbitrate in issue. It is also plain that there is no factual dispute as to whether plaintiff has failed to comply with the provision. Therefore, the court was not required to hold a hearing on the issue of arbitrability."

Additional support for the view that the existence of an agreement to arbitrate is a question of fact for trial is found in *Schroeder v. Shearson, Lehman & Hutton, Inc.* (Apr. 25, 1991), Cuyahoga App. No. 60236, unreported, 1991 WL 64318. *Schroeder* followed *Teramar, supra,* in finding that, because the complaint put in issue the existence of the arbitration agreement due to the appellant's claim that the contract was never executed by him, the issue of arbitrability of the dispute was required to have been addressed in a

trial. The appellate court thus held that the trial court had erred in summarily ordering arbitration.

■ Similarly, in the case before us, Ohio–American put into issue the existence and enforceability of the contract and, consequently, the viability of the arbitration clause contained within. Moreover, the brief contained a jury demand, clearly indicating Ohio–American's contention that it was raising an issue of fact requiring determination by a jury.

We agree with Ohio–American that it raised a material question of fact as to whether the parties had executed the construction contract or whether an agreement existed. Although Divine properly asserts that, under some circumstances, a contract may be valid and binding despite an impediment to formation (such as the failure of one party to sign), the trial court nevertheless was required to make specific findings pursuant to a trial regarding the existence of the contract. R.C. 2711.03. Thus, the trial court should have conducted a trial on the issue, rather than simply have a "non-oral hearing."

Divine cites two cases from other jurisdictions which it alleges are analogous to the case before us. In *K.L. Conwell Corp. v. Albuquerque* (1990), 111 N.M. 125, 802 P.2d 634, the New Mexico Supreme Court held that a bidder on a public works contract had satisfied a condition precedent to the city's obligation to perform under the construction contract and that the city incorrectly claimed that no contract was ever formed. The decision of the court distinguished between a condition precedent to *formation* of the contract and a condition precedent to *performance* of the contract. Although the New Mexico court recognized the contract in question had been validly formed, it nevertheless admitted that mere acceptance of a bid would not have bound the parties where conditions precedent to performance remain unfulfilled. *K.L. Conwell, supra.*

We find *K.L. Conwell* to be inapplicable to the issues raised in this appeal since the trial court in its case apparently never considered whether a contract had been validly formed but, rather, assumed so and turned the dispute over to arbitration. We need not address the issue of the formation of the contract based on our finding that, because Ohio–American raised issue as to the existence of the contract, the trial court should have conducted a trial on the question.

Divine also directs us to *U.S. Insulation, Inc. v. Hilro Constr. Co., Inc.* (Ariz.App.1985), 705 P.2d 490. In that matter, the Arizona Court of Appeals reversed the denial of a bidder's motion to compel arbitration on the grounds that the bidder's declaration of the contract as "null and void" did not repudiate the arbitration clause. We hold *U.S. Insulation* to be inapposite since, in that matter, the parties did not dispute that a valid contract had been

formed, they merely argued whether repudiation of the contract also dissolved the duty to arbitrate.

The issue before the courts in *K.L. Conwell* and *U.S. Insulation* was not the existence of the contract but the applicability of the arbitration clause. The case before us raises issue with the very existence of the contract and thus requires further review by the trial court before questions such as those raised in *K.L. Conwell* and *U.S. Insulation* become relevant. We therefore reject the alleged persuasive value of these cases.

Therefore, appellant's first assignment of error is overruled and its second assignment of error is sustained, and this matter is remanded for trial on the question of whether the parties executed a valid contract which required submission of the underlying dispute to arbitration.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and REILLY, JJ., concur.

REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.