STOCKER, Appellee,

v.

CASTLE INSPECTIONS, INC., Appellant.

[Cite as *Stocker v. Castle Inspections, Inc.* (1995), 99 Ohio App.3d 735.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67625.

Decided Jan. 12, 1995.

*Suzanne Stocker,* for appellee.

*Javitch, Block, Eisen & Rathbone* and *Kenneth B. Baker,* for appellant.

*Per Curiam:*

Plaintiff Jamie Stocker entered into a contract with defendant Castle Inspections, Inc., a company that performs home inspections for prospective buyers. Plaintiff could not be present on the day of the inspection, so he arranged for his father to be present in his place. The father signed a pre-inspection agreement on plaintiff's behalf which contained a broadly worded clause binding the parties to arbitration in the event of a dispute on the agreement. Defendant's inspection revealed no discernable problems with water leakage in the basement. Plaintiff purchased the house and later discovered water in the basement. He filed an amended complaint which asserted three causes of action alleging (1) defendant negligently inspected the property; (2) defendant violated provisions of the Ohio Consumer Sales Practices Act; and (3) defendant breached the pre-inspection agreement. In response to the amended complaint, defendant filed a motion to dismiss the complaint or, in the alternative, to compel the parties to submit to arbitration as required by the contract. The court denied defendant's motion and this appeal followed.

Defendant's sole assignment of error complains the court erred by not enforcing the arbitration agreement in the contract. That provision states:

"ARBITRATION PROVISION—Any dispute between the parties shall be settled by arbitration before the American Arbitration Association."

R.C. 2711.02 provides that the court shall stay an action pending the outcome of arbitration:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration * * *."

The courts favor arbitration as a method of resolving disputes between parties. *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 382, 528 N.E.2d 195, 198–199; *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded* (1994), 71 Ohio St.3d 15, 17, 641 N.E.2d 180, 181–182. Given the judicial predisposition to resolving disputes by arbitration, a party opposing a motion to stay proceedings pending arbitration has a heavy burden. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198.

Plaintiff argues the arbitration provision does not apply to him since his father signed the agreement in his absence. Plaintiff maintains that a submission to arbitration is beyond the implied or apparent powers of an agent.

Arbitration is a matter of contract and, despite the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which that party has not agreed to submit. *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721, 722; *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 599 N.E.2d 388; *Schroeder v. Shearson, Lehman & Hutton, Inc.* (Apr. 25, 1991), Cuyahoga App. No. 60236, unreported, 1991 WL 64318.

Plaintiff does not contend that the entire contract should be rescinded; in fact, his third cause of action seeks damages based upon defendant's alleged breach of the contract. Moreover, plaintiff makes no effort to show a failure of the contract itself. There is no allegation of fraud in the inducement or any other act by defendant that would make the contract unenforceable. Presumably, plaintiff and defendant lived up to their respective duties in the contract up to the point where the alleged breach occurred. Instead, plaintiff seeks to invalidate only that portion of the contract which binds him to arbitrate any dispute arising under the contract by asserting his father acted *ultra vires* in agreeing, in plaintiff's name, to arbitration.

In support of this proposition, plaintiff cites 6 Ohio Jurisprudence 3d (1978), Arbitration and Award, Section 21, as authority for the proposition that an agent may not bind his principal to arbitration because the agent has no authority to delegate that power to others. That article cites to *Jenifer v. Hamilton Cty. Commrs.* (1858), 13 Ohio Dec.Rep. 116, in which the Superior Court of Cincinnati held the Hamilton County Commissioners could not enter into a contract, which

happened to include a clause for arbitration of disputes, when they had no authority at law to do so. The court held:

"The result is, that if the commissioners made the contract alleged in the petition of the plaintiff, they did that for which they not only had no authority of law, but which appears to be prohibited." *Id.* at 118–119.

In no sense can *Jenifer* stand for the general proposition that an agent cannot bind the principal to a contract which includes an arbitration clause. In *Miller v. Wick Bldg. Co.* (1950), 154 Ohio St. 93, 42 O.O. 169, 93 N.E.2d 467, paragraph two of the syllabus states:

"Even where one assuming to act as agent for a party in the making of a contract has no actual authority to so act, such party will be bound by the contract if such party has by his words or conduct, reasonably interpreted, caused the other party to the contract to believe that the one assuming to act as agent had the necessary authority to make the contract." See, also, *Cascioli v. Cent. Mut. Ins. Co.* (1983), 4 Ohio St.3d 179, 181, 4 OBR 457, 459, 448 N.E.2d 126, 128.

■ Moreover, where the principal has placed the agent in a situation that a person of ordinary prudence, conversant in the nature of the particular business, is justified in assuming that the agent is authorized to perform on behalf of the principal, "such particular act having been performed the principal is estopped as against such innocent third person from denying the agent's authority to perform it." *Gen. Cartage & Storage Co. v. Cox* (1906), 74 Ohio St. 284, 294, 78 N.E. 371, 372.

In *Master Consol. Corp. v. BancOhio Natl. Bank* (1991), 61 Ohio St.3d 570, 575 N.E.2d 817, the court considered these legal principles and distilled them into the following syllabus:

"In order for a principal to be bound by the acts of his agent under the theory of apparent agency, evidence must show: (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority."

■ We find plaintiff's father, acting as agent, could sign the contract on plaintiff's behalf and, in the process, bind plaintiff to arbitrate any disputes arising from that contract. See *N&D Fashions, Inc. v. DHJ Industries, Inc.* (C.A.8 1976), 548 F.2d 722, 729 (purchasing agent of fabric buyer had apparent authority to enter any agreements reasonably necessary to sell, including arbitration agreement). Accordingly, we sustain the assignment of error and remand

with orders to issue a stay of proceedings and order the parties to submit the matter to arbitration as required by the contract.

The judgment is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

PATTON, C.J., NUGENT and NAHRA, JJ., concur.