JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Snavely Company, Inc., plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-377456, in which the trial court granted the motion to stay the underlying proceedings pending completion of arbitration filed by Laurel Lake Retirement Community, defendant-appellee. Plaintiff-appellant assigns a single error for this court's review.
Plaintiff-appellant's appeal is not well taken.
In January, 1986, defendant-appellee entered into a development agreement with the Mediplex Group, Inc. and its subsidiaries the purpose of which was to develop and construct the Laurel Lake Retirement Community in Hudson, Ohio. Mediplex subsequently entered into a construction contract in 1987 with plaintiff-appellant as the general contractor responsible for construction of the project sponsored by defendant-appellee. The construction contract identified defendant-appellee as the sponsor of the construction project and specifically provided that defendant-appellee would be the owner of the land upon which the retirement community was to be built upon closing of the bond financing for the project. Financing was complete in February, 1988, at which time defendant-appellee became owner of the land and the construction project itself. At this point, the construction project was approximately 30% completed.
The construction contract in question contained the following arbitration provision:
 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration shall include by consolidation, joinder or any other manner, parties other than the Owner, the Contractor, the Architect and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner, Contractor or Architect shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein. The foregoing agreement to arbitrate and any other agreement to arbitrate with an additional third person or persons duly consented to by the parties to the Owner-Contractor Agreement shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
In addition, the general conditions of the contract contains the following provision entitled Successors and Assigns:
 The Owner and the Contractor each binds himself, his partners, successors, and assigns and legal representatives to the other party hereto and to the partners, successors, assigns and legal representatives of such other party in respect to all covenants, agreements and obligations contained in the Contract Documents. Contractor shall not assign the Contract or sublet it in part or as a whole without the written consent of the Owner, nor shall the Contractor assign any moneys due or to become due to him hereunder, without the previous written consent of the owner.
Upon becoming owner of the project, defendant-appellee appointed its own construction representatives to attend on-site construction meetings with plaintiff-appellant and others involved in the project, as well as coordinate payment for work completed on the project to date. Ultimately, all payments on the project to plaintiff-appellant were approved and made by defendant-appellee. The project was completed by plaintiff-appellant in October, 1988.
In July 1998, defendant-appellee allegedly discovered for the first time that a sprinkler system at the retirement home that had been constructed and installed by plaintiff-appellant was defective in certain areas of the retirement community. Defendant-appellee maintained that the sprinkler system had not been installed by plaintiff-appellant in accordance with contract specifications thereby reducing the systems effectiveness and estimated life span. Defendant-appellee believed that the entire sprinkler system would need to be replaced due to the existing defects.
Pursuant to the construction contract, plaintiff-appellant was allegedly responsible for materials and installation of the fire protection sprinkler system at Laurel Lake Retirement Community. On July 8, 1998, a letter was sent by defendant-appellee notifying plaintiff-appellant of the alleged breach of the construction contract. In the correspondence, defendant-appellee demanded that plaintiff-appellant promptly replace the defective sprinkler system and non-conforming installation under the terms of the construction contract.
Upon receipt of defendant-appellee's correspondence, plaintiff-appellant apparently refused to replace the sprinkler system in question. Defendant-appellee was then forced to obtain the services of a separate contractor to remove and replace the defective sprinkler system installed by plaintiff-appellant.
On December 30, 1998, defendant-appellee filed a demand for arbitration against plaintiff-appellant with the American Arbitration Association, pursuant to the arbitration provision contained in the 1987 construction contract executed by the Mediplex Group, Inc. and plaintiff-appellant Defendant-appellee maintained that it was entitled to proceed under the arbitration provision as a successor in interest and an intended third-party beneficiary under the contract.
On February 19, 1999, plaintiff-appellant filed the instant declaratory judgment action in the Cuyahoga County Court of Common Pleas in which it maintained that it was not required to arbitrate any dispute with defendant-appellee since it was not a party or signatory to the 1987 construction contract. On March 3, 1999, defendant-appellee filed a motion to stay the, action pending completion of the previously instituted arbitration proceedings before the American Arbitration Association.
On March 12, 1999, the trial court conducted an oral hearing on the pending motions. At the conclusion of the hearing, the trial court issued an order providing that the arbitration proceedings were stayed as to both parties until further notice of the trial court and stated further that it would rule upon the issue of whether standing to enforce an arbitration clause in a contract was itself an issue that was subject to arbitration. The trial court requested additional briefs on that issue.
On April 7, 1999, the trial court granted defendant-appellee's motion to stay the declaratory judgment action through the following entry:
 Motion of Defendant Laurel to stay this action pending completion of arbitration case number #5311000027298 before the American Arbitration Association is granted; stay of all arbitration proceedings is hereby lifted; all proceedings in the within action are stayed until further order of the court. Final.
On April 23, 1999, plaintiff-appellant filed a timely notice of appeal pursuant to R.C. 2711.02 and 2505.02 from the judgment of the trial court.
Plaintiff-appellant's sole assignment of error states:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE LAUREL'S MARCH 3, 1999 MOTION TO STAY AND COMPELLING ARBITRATION AND REFUSING TO DECIDE THE THRESHOLD ISSUE OF APPELLEE LAUREL'S LACK OF STANDING TO DEMAND ARBITRATION WITH APPELLANT.
Plaintiff-appellant argues, through its sole assignment of error, that the trial court improperly granted defendant-appellee's motion to stay all trial court proceedings. Specifically, plaintiff-appellant maintains that, since defendant-appellee was not a party/signatory to the construction contract, it could not rely upon the terms of that contract to force plaintiff-appellant to participate in arbitration proceedings to which it did not agree to submit. Plaintiff-appellant argues further that the issue of defendant-appellee's standing to even assert any rights under the construction contract is solely an issue to be determined by the trial court rather than a panel of arbitrators. It is plaintiff-appellant's position that the trial court failed to fully address the issue of standing.
Defendant-appellee initially maintains that plaintiff-appellant's appeal does not constitute a final appealable order, pursuant to R.C. 2711.02 and 2505.02. Defendant-appellee contends further that, should this court determine that the trial court's order staying arbitration is final and appealable, it is apparent that the trial court properly granted the motion to stay trial court proceedings and compelled the matter to arbitration since defendant-appellee is a successor in interest to Mediplex as the owner of the construction project upon which the underlying contract is based, as well as an intended third-party beneficiary under the contract. Finally, defendant-appellee argues that the trial court did, in fact, address and decide the issue of standing.
R.C. 2711.02 provides that the trial court may stay an action and refer that action to arbitration once the court has been "*** satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration***." In applying this statute, appellate courts have indicated that the determination as to whether an issue can be referred to arbitration turns upon the specific language in the written arbitration provision to which the parties agreed. PainesvilleTwp. Local School Dist. v. Natl. Energy Mgt. Inst. (Aug. 23, 1996), Lake App. No. 96-L-128, unreported; Cirino v. Christian Timbers, Inc. (Nov. 27, 1996), Cuyahoga App. No. 70564, unreported.
It is well established that a written arbitration clause in a contract providing for dispute resolution should not be denied effect unless it may be said with positive assurance that the clause in question is not susceptible to an interpretation that covers the subject matter of the underlying dispute. A strong presumption exists in favor of the validity of a written arbitration clause. St. Vincent Charity Hosp. v. URS Consultants,Inc. (1996), 111 Ohio App.3d 791, quoting Didado v. Lamson Sessions Co. (1982), 81 Ohio App.3d 302, 304. This holding is predicated upon the fact that public policy favors the resolution of disputes by arbitration. Windham Foods, Inc. v. FlemingCompanies, Inc. (May 2, 1997), Trumbull App. No. 96-T-5515, unreported.
However, as a general rule, a party to an action cannot be ordered to submit a claim to arbitration if that party has not agreed to arbitrate the dispute in writing. ATT Technologies,Inc. v. Communications Workers of America (1986), 475 U.S. 643,648. The issue of "whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract." Sexton v. Kidder Peabody Co., Inc., et al. (March 7, 1996), Cuyahoga App. No. 69093, unreported, citing Divine Constr. Co. v. Ohio-American Water Co.
(1991), 75 Ohio App.3d 311. A court will enforce an arbitration clause unless it is firmly convinced that the clause is inapplicable to the underlying dispute or issue in question.Sexton, supra, citing Ervin v. American Funding Corp. (1993),89 Ohio App.3d 519.
Initially, it must be stated that, pursuant to R.C. 2711.02, this court has recently determined that an order which grants or denies a stay of any action pending arbitration is, in fact, a final and appealable order. See Dunn v. LM Building, Inc. (March 25, 1999), Cuyahoga App. No. 75203, unreported;. Oliver DesignGroup, Inc. v. Bell Howell Publications Systems Co. (Aug. 27, 1998), Cuyahoga App. No. 73741, unreported. Therefore, this court finds that, contrary to defendant-appellee's position, the underlying order currently being appealed does constitute a final appealable order subject to review.[1]
In addition, plaintiff-appellant's contention that the trial court refused to fully consider the issue of standing to arbitrate the dispute is unsupported by the record. The trial court not only requested and received additional briefs on the issue, but implicitly determined through its ruling on April 7, 1999, that defendant-appellee did possess standing and arbitration was appropriate under the circumstances of this case.
In the case herein, it is undisputed that the underlying construction contract between plaintiff-appellant and Mediplex contained a written arbitration clause. A review of the same contract demonstrates that it also contained a clause whereby plaintiff-appellant and Mediplex each agreed to obligate themselves, their partners, successors and assigns to each other and to the partners, successors and assigns of each other with respect to all covenants, agreements and obligations contained in the construction contract. Defendant-appellee became owner of the project on February 1, 1988, the date financing ultimately became complete. It is clear that this contingency was not only expected, since defendant-appellee was an intended third-party beneficiary to the contract, but part of the overall purpose of the construction project demonstrated by the fact that defendant-appellee was identified throughout the contract as the sponsor of the project and there was a clear understanding at the time the contract was executed that defendant-appellee would become owner of the project in the near future. Once defendant-appellee became owner of the project on February 1, 1988, it became the successor to Mediplex on the underlying construction contract and could then avail itself of all covenants and agreements contained therein. See Sasaki v.McKinnon (1997), 124 Ohio App.3d 613, 707 N.E.2d 9. To determine otherwise would lead to the unsupportable conclusion that plaintiff-appellant was no longer obligated under any of the provisions of the construction contract after February 1, 1988, the date defendant-appellee became owner of the project. For the foregoing reasons, this court finds that the trial court did not err by granting defendant-appellee's motion to stay the trial court proceedings and compel arbitration of the disputed issues.
Plaintiff-appellant's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and SWEENEY, JAMES D., J. CONCUR.
 _________________________________ MICHAEL J. CORRIGAN JUDGE
[1] Defendant-appellee's motion to dismiss the underlying appeal on this basis shall be denied pursuant to a separate order of this court.