OPINION
On February 16, 1994, plaintiffs-appellees, Edward J. Kauffman and Roberta Kauffman, entered into a contract for the construction of a new home by defendant-appellee, Cugini Capoccia Builders, Inc. The contract contained an arbitration clause. The house was completed and appellees took possession but, within six months, appellees noticed defects in the design and construction, and notified appellants of the problems. Appellants made repairs but the problems and defects were more extensive than were observable and, in April or May 1999, appellants informed appellees that no more work would be completed.
On April 7, 2000, appellees filed a complaint alleging breach of contract, breach of express warranties, failure to perform in a workmanlike manner, negligent construction, fraud and misrepresentations, deceptive trade practices and violations of the Ohio Consumer Sales Practices Act. Appellees sued the builder and its principals individually, Paul Cugini and Cesidio Capoccia. Appellants sought a stay of the proceedings pending arbitration pursuant to R.C.2711.02. The trial court denied the motion and appellants filed a notice of appeal, raising the following assignment of error:
 The Trial Court erred in denying Appellant's [sic] Motion to stay proceedings and submit matter to Arbitration.
By the assignment of error, appellants contend that the trial court erred in denying the motion to stay proceedings and failing to submit the matter to arbitration. Pursuant to R.C. 2711.02, an order granting or denying a stay of the proceedings is a final order. The standard of review when an appellate court is addressing whether a trial court has properly granted or denied a motion to stay proceedings is an abuse of discretion. Carter Steel Fabricating Co. v. Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254-255. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The reviewing court must be cognizant of the public policy in Ohio that favors the resolution of disputes through arbitration, and any doubts should be resolved in favor of coverage under the arbitration clause. Sasaki v. McKinnon (1997),124 Ohio App.3d 613, 616-617.
In this case, the arbitration clause provided, as follows:
 12. Arbitration: In the event of a dispute regarding the Plans, Selection Sheet, workmanship, materials or any other matter in connection with this Agreement, the parties agree that the dispute shall be submitted to arbitration in accordance with the Building Industry Association of Central Ohio arbitration rules. Fees payable to the arbitrators shall be shared equally by the Buyer and Builder.
However, the Building Industry Association of Central Ohio ("BIA") had not established arbitration rules. The trial court did not grant the stay of proceedings, finding that appellants knew or should have known that the BIA did not have arbitration rules. The trial court also found that appellants misrepresented to appellees that all disputes would be arbitrable through the BIA, and appellees' affidavit indicates that they had relied upon the arbitration clause and the ability to submit any dispute to the BIA for arbitration. Thus, the trial court found that appellants knowingly misrepresented the ability to arbitrate the present case and that appellees had relied upon that misrepresentation and did not enforce the arbitration clause.
In the syllabus of ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, the Supreme Court of Ohio held that "[t]o defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." The trial court here did find that the arbitration provision itself was fraudulently induced. However, in his affidavit, Paul Cugini, a principal in Cugini Capoccia Builders, stated that, at the time the agreement was drafted, he believed that the BIA had arbitration rules. He later learned that the BIA does have mediation rules but no rules for arbitration. He also states that he was not aware of this at the time he entered the contract. In their affidavit, appellees stated that they found it valuable and beneficial that appellants were members of the BIA and disputes would be arbitrated through the BIA. They only intended to arbitrate disputes as provided in the contract. Thus, the evidence demonstrates that the parties actually committed a mutual mistake.
A mutual mistake as to a material fact is a mistake "as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances." Restatement of the Law 2d, Contracts (1979) 385, Mistake, Section 152. The contract provision must be contrary to the understanding of all the parties to the contract. Snedegar v. Midwestern Indem. Co. (1988), 44 Ohio App.3d 64, 69. That is the case involved here. Under these circumstances, the mutual mistake renders the contract provision regarding arbitration voidable. The Supreme Court of Ohio has adopted the Restatement definition of mutual mistake. See Reilly v. Richards (1994), 69 Ohio St.3d 352, 353. The above cited Restatement section, Restatement of the Law 2d, Contracts (1979) 385, Mistake, Section 152, provides that a contract is voidable by the adversely affected party unless he bears the risk of the mistake. The doctrine applies to these facts. Thus, the trial court was correct in denying the motion to stay. Appellants' assignment of error is not well-taken.
For the foregoing reasons, appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________________ KENNEDY, J.
BOWMAN and PETREE, JJ., concur.