I concur with Judge Farmer's analysis and disposition as to appellant's first assignment of error.
However, I respectfully dissent from Judge Farmer's opinion with respect to the second assignment of error.
R.C. 2711.08 states as follows:
 The award made in an arbitration proceeding must be in writing and must be signed by a majority of the arbitrators. A true copy of such award without delay shall be delivered to each of the parties in interest. The parties to the arbitration agreement may designate therein the county in which the arbitration shall be held and the award made.
In turn, R.C. 2711.16 provides as follows:
 Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code, which designation is an irrevocable consent of the parties thereto to such jurisdiction,_or,
whether or not such designation has been made, in the court of common pleas of any county in which a party in interest resides or may be summoned, or if any party in interest is a corporation, in any county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president chairman or president of the board of directors or trustees or other chief officer. (Emphasis added).
Although R.C. 2711.16 is captioned "Jurisdiction of courts of common pleas," the wording of such statute refers to venue. SeeDivine Constr. Co., Inc. v. Ohio-American Water Co. (1991),75 Ohio App.3d 311.
The arbitration agreement in the case sub judice, which is contained in appellant's insurance policy, provides, in part, that judgment upon the award rendered by the arbitrators "may be entered in any court having jurisdiction thereof." (Emphasis added). It is this language that the trial court relied on in denying appellant's motion for change of venue. Since there is nothing in the record demonstrating that the Stark County Court of Common Pleas did not have jurisdiction over the parties and the subject matter in this case, I would find that the trial court did not abuse its discretion in denying appellant's motion for change of venue.