I agree with the opinion of the majority, not because I accept the logic, but because it is the law as pronounced by the Supreme Court of Ohio. I agree that public policy in Ohio favors the resolution of disputes by way of arbitration where applicable. The concept is sound and the benefit to litigants in the form of expeditious and cost-effective resolutions is obvious on its face. However, when a party is alleging that they have been fraudulently induced to enter a contract, and the remedy they are seeking is recision of the contract in its entirety, logic would dictate there is nothing to arbitrate until a court has ruled on that entry level question. The issue is further clouded when the aggrieved party alleges that the contract itself is in violation of a state statute. The complaint filed in this action alleged a violation of R.C.1345.01, the Consumer Sales Practices Act (CSPA), a state statute.
As stated by the Sixth District Court of Appeals in Zalecki v. TerminixIntern., Inc. (Feb. 23, 1996), Lucas App. No. L-95-156, unreported, 1996 WL 76052:
 "* * * [S]ome Ohio courts have held that, in cases where a consumer brings a CSPA claim and there is a contract between the parties which contains an arbitration clause, the parties' dispute `should not be submitted to arbitration until the trial court first determines whether the contract is valid and enforceable.' Rolling v. Ohio State Home Services, Inc. (July 14, 1993), Medina App. No. 2157, unreported; Legue v. Bill Swad Chevrolet (Aug. 20, 1992), Franklin App. No. 92AP-390, unreported; see, also, Divine Constr. Co. v. Ohio-American Water Co. (1991), 75 Ohio App.3d 311, in which the Franklin County Court of Appeals held that, in cases where the existence of a contract is challenged, `a question of fact arises which is subject to trial as requested by the parties.'" (Emphasis added.) (Parallel citations omitted.) Id. at 316, citing R.C. 2711.03.
A question has been raised as to whether the entire contract was procured by fraud. As a matter of law, it is irrelevant whether the contract does or does not contain an agreement to arbitrate. In my opinion, the trial court did not abuse its discretion or act contrary to law in determining that the threshold issue of validity of the contract is an issue of law for the court, and not an arbitration panel.
 ________________________________ JUDGE WILLIAM M. O'NEILL